Jose **LIMON–GARCIA;** et al., Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–74241, 05–77403.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.\*

Filed July 31, 2006.

Jose Limon–Garcia, Santa Ana, CA, pro se.

Anita De Limon–Varela, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, Stacy S. Paddack, Kurt B. Larson, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM \*\*

Jose Limon–Garcia and Anita de Limon–Varela, natives and citizens of Mexi-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

co, petition pro se for review of the Board of Immigration Appeals' ("Board") orders adopting and affirming an immigration judge's denial of their applications for cancellation of removal and denying their motion to reopen proceedings. We dismiss the petition for review.

We lack jurisdiction to review the Board's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003), as well as the Board's discretionary determination that the evidence petitioners submitted in support of their motion to reopen was insufficient to establish prima facie eligibility for relief, *Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006).

Petitioners' contention that the Board violated their due process or equal protection rights by disregarding evidence of additional hardship to their son Jose is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.